UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LISA MABARY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:10-cv-3936 |
| | § | |
| HOMETOWN BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM & ORDER

Pending before the Court are Defendant Hometown Bank, N.A.'s ("Hometown" or "Defendant") motions to dismiss Plaintiff Lisa Mabary's ("Mabary" or "Plaintiff") class complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). (Doc. Nos. 8 & 14.)  After considering the parties' filings, all responses and replies thereto, and the applicable law, the Court finds that both of Hometown's motions to dismiss must be **DENIED**.

### I.    BACKGROUND

On October 19, 2010, Plaintiff filed the present lawsuit on behalf of herself and all others similarly situated, alleging that Hometown violated the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* ("EFTA"), and its implementing Regulation E, 12 C.F.R. § 205.1 *et seq.*  The section of the EFTA under which Plaintiff brings this lawsuit requires operators of automated teller machines ("ATMs") who impose a fee in connection with electronic fund transfers to provide advance notice to the consumer.  15 U.S.C. § 1693b(d)(3).  Section 1693b(d)(3)(C) specifically prohibits fees that are not properly disclosed and explicitly assumed by the consumer:

No fee may be imposed by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless--

(i) the consumer receives such notice in accordance with subparagraph (B); and

(ii) the consumer elects to continue in the manner necessary to effect the transaction after receiving such notice.

15 U.S.C. § 1693b(d)(3)(C).  In this case, Plaintiff alleges that Hometown violated the "on the machine" notice requirement set forth in subparagraph (B):

(B) Notice requirements

(i) On the machine

The notice required under clause (i) of subparagraph (A) with respect to any fee described in such subparagraph shall be posted in a prominent and conspicuous location on or at the automated teller machine at which the electronic fund transfer is initiated by the consumer.

15 U.S.C. § 1693b(d)(3)(B)(i).[1]

Specifically, in her original complaint, Plaintiff alleges that, in May 2010, she was charged a $2.00 transaction fee in connection with one or more electronic fund transfers she completed using an ATM or ATMs operated by Hometown.  She asserts that there was no notice posted "on or at" the relevant ATM(s) operated by Hometown that informed consumers about the imposition of a fee.  (Compl. ¶ 16-19.)

In her original complaint, Plaintiff seeks to represent a class of persons to be defined as follows:

All persons who: 1) were charged a "terminal fee" at ATMs operated by

---

[1] Plaintiff contends and the Court agrees that Hometown's compliance with the on screen notice requirements of 15 U.S.C. §1693b(d)(3)(B)(ii) is immaterial to Plaintiff's claim for statutory damages because the EFTA requires that a fee notice appear both "on or at" an ATM machine and "on the screen" or paper receipt and prohibits the imposition of a fee unless both prongs of the notice requirement are satisfied. *See* 15 U.S.C. § 1693b(3)(C).

> Defendant when such persons made an electronic fund transfer and/or balance inquiry where, 2) no notice indicating that such fee was to be charged was posted on or at the outside of the ATM machine.

(Compl. ¶ 22.)

Shortly after Plaintiff filed her original complaint, the Court set a Pretrial and Scheduling Conference for June 3, 2011.  (Doc. No. 3.)  Hometown was served with Plaintiff's complaint on November 29, 2010.  The parties entered into a stipulation on December 17, 2010, which allowed Hometown an extension of time to respond to Plaintiff's complaint until January 14, 2011.  (Doc. No. 7.)

Defendant timely responded to the complaint by filing a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for a more definite statement.  (Doc. Nos. 8 & 9.)  On February 3, 2011, Hometown made Plaintiff an offer of judgment pursuant to Federal Rule of Civil Procedure 68, which Hometown contends, tendered the full amount of Plaintiff's individual claim.[2]  Plaintiff did not accept Hometown's offer and responded to Hometown's motion to dismiss by filing her First Amended Complaint on February 7, 2011. (Doc. No. 12.)  The same day, Plaintiff filed a motion for class certification.  (Doc. No. 13.)

On February 21, 2011, Hometown filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1),[3] contending that its Rule 68 offer of judgment divested the Court of subject matter jurisdiction over the case.  (Doc. Nos. 14 & 15.)  The Court subsequently stayed Hometown's deadline to respond to Plaintiff's class certification motion until the Court ruled on Hometown's motions to dismiss.

---

[2] Hometown offered to allow entry of judgment in favor of Plaintiff, individually, in the amount of $1,000 in statutory damages, plus reasonable attorneys' fees and costs.
[3] Unless otherwise indicated, references to rules are to the Federal Rules of Civil Procedure.

Hometown's motions are both now fully briefed and ripe for decision.  The Court will first address the issue of its subject matter jurisdiction over Plaintiff's complaint before analyzing whether Plaintiff has stated a claim for relief under Rule 12(b)(6).

## II.      MOTION TO DISMISS PURSUANT TO RULE 12(b)(1)

Hometown argues that its February 3, 2011, offer of judgment mooted Plaintiff's individual claims.  Because no class had been certified when Plaintiff's claims were mooted, Hometown argues, the entire case is moot and must be dismissed pursuant to Rule 12(b)(1) for want of subject matter jurisdiction.  Hometown concedes that the Fifth Circuit recognizes an exception to this general rule, but contends that the present case does not fit into the "limited exception" that applies "if, but only if, the action becomes moot after there has been a timely filed and diligently pursued motion for class certification that actually results in a class being certified."  (Def.'s Mem. of Law at 2.)

Plaintiff urges that the circumstances presented fit squarely within the class of cases to which the Fifth Circuit applies the "relation back" doctrine, which prevents the mootness of the individual plaintiff's claims from mooting the entire case before the Court has an opportunity to rule on the propriety of class certification.  Plaintiff asserts that she has met all of the prerequisites for application of the doctrine, which preserves a live controversy at each stage in the litigation.  Indeed, as the Fifth Circuit requires, Plaintiff contends that she timely filed and diligently pursued a class certification motion and that her complaint presented a live controversy when it was filed.

As discussed below, the Court is persuaded that the "relation back" doctrine applies to the facts presented.  Thus, the Court retains subject matter jurisdiction over the case, at least until Plaintiff's motion for class certification can be resolved.  If the Court

certifies Plaintiff's proposed class, the certification will relate back to Plaintiff's original complaint, which presented a live controversy when it was filed. Accordingly, the case will not be moot notwithstanding Hometown's offer of judgment to Plaintiff.

### A.    Rule 12(b)(1) Legal Standard

Pursuant to Rule 12(b)(1), a court may dismiss a complaint for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "'A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.'" *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). "'[U]nder Rule 12(b)(1), the court may find a plausible set of facts supporting subject matter jurisdiction by considering any of the following: '(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Castro v. United States*, 560 F.3d 381, 386 (5th Cir. 2009), *rev'd en banc on other grounds*, 608 F.3d 266 (5th Cir. 2010) (quoting *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008)) (internal quotations omitted).

A factual attack, such as the one Hometown has raised, "challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). In analyzing a factual attack on subject matter jurisdiction "the district court must resolve disputed facts without giving a presumption of truthfulness to the plaintiff's allegations." *Vantage Trailers, Inc. v. Beall*

*Corp.*, 567 F.3d 745, 748 (5th Cir. 2009).   The plaintiff bears the burden of demonstrating by a preponderance of the evidence that subject matter jurisdiction exists. *Id.*

Hometown argues that the Plaintiff's claims are, in fact, moot, and, thus, attacks the existence of the Court's subject matter jurisdiction over this case.  Plaintiff, therefore, bears the burden of demonstrating that her claims are not moot or that, despite the mootness of her individual claims, the Court retains jurisdiction to adjudicate the merits of her motion for class certification.  In analyzing whether Plaintiff has met her burden, the Court will first review general mootness principles and the impact of offers of complete relief on justiciability.  The Court will then discuss mootness rules in the class action context and the applicability of the Fifth Circuit's relation back doctrine to the present case.

### B.        General Mootness Principles

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'"   *United States Parole Comn'n v. Geraghty*, 445 U.S. 388, 395 (1980).  "'[W]hen the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome,'" a case is considered moot. *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)) (internal quotations omitted).  "Generally, any set of circumstances that eliminates actual controversy after the commencement of a lawsuit renders that action moot."  *Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006).  In turn, "the definitive mootness of a case or controversy . . . ousts the jurisdiction of the federal courts and requires dismissal of the case."  *Deposit Guaranty Nat'l Bank v. Roper*, 445 U.S. 326, 335 (1980).

### 1. Offers of Complete Relief and Mootness

An offer of complete relief will generally moot a plaintiff's claim, as at that point she no longer retains a personal interest in the outcome of the litigation.  *See Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991) ("Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate and a plaintiff who refuses to acknowledge this loses outright, under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake.") (internal citation omitted).  Indeed, even an unaccepted offer of full relief may moot a plaintiff's claim.  *See Young v. Asset Acceptance, LLC*, Civil Action No. 3:09-CV-2477-BH, 2011 WL 618274, at *2 (N.D. Tex. Feb. 10, 2011) ("when a plaintiff rejects an offer by the defendant of everything he could possibly recover from his lawsuit, his case may be dismissed as moot"); *McCauley v. Trans Union, LLC*, 304 F.Supp.2d 539, 540 (S.D.N.Y. 2004) (same); 13B Charles Alan Wright & Arthur R. Miller, Federal  Practice and Procedure § 3533.2 (3d ed. 1998) ("Even when one party wishes to persist to judgment, an offer to accord all of the relief demanded may moot the case.").

### 2. Sufficiency of Hometown's Offer of Judgment

A threshold question is, thus, whether Hometown's offer of judgment was, in fact, sufficient to moot Plaintiff's individual claims.  Plaintiff appears to concede that an offer of complete relief, even if rejected, will generally moot a plaintiff's claims.  Plaintiff contends, however, that Hometown's offer of $1,000 in statutory damages is inadequate under the EFTA because Plaintiff conducted one *or more* transactions for which she is entitled to relief.  She suggests that Hometown owes her $1,000 in statutory damages for *each* transaction she conducted in which a Hometown ATM violated EFTA's notice

7

requirements.

The EFTA authorizes statutory damages of no less than $100 and no more than $1,000, plus reasonable costs and attorney's fees.  15 U.S.C. §§ 1693m(a)(2)(A) and 1693m(a)(2)(A)(3).  Citing *Stilz v. Global Cash Network, Inc.*, Hometown argues that the EFTA permits each *plaintiff* to recover a maximum of $1,000, regardless of the number of transactions for which proper notice under the EFTA was lacking.  No. 10 CV 1998, 2010 WL 3975588, at * 4 (N.D. Ill. Oct. 7, 2010) ("The EFTA's plain language is clear that a plaintiff may recover a maximum of $1,000 in statutory damages.").

Although it appears that Hometown's position is supported by at least one district court, the Court need not resolve the question at this stage.  As discussed below, even if Plaintiff's *individual* claims were fully satisfied by Hometown's offer of judgment, the Court retains subject matter jurisdiction to rule on Plaintiff's pending motion for class certification.  If the Court denies Plaintiff's class certification motion, leaving only her individual claims, it will then be necessary for the Court to determine whether Hometown's offer of judgment successfully mooted her claims.

## C.        Mootness in the Class Action Context

Jusiticiable claims may be presented by either named or unnamed class plaintiffs. *Zeidman v. J. Ray McDermott & Co., Inc.*, 651 F.2d 1030, 1046 (5th Cir. 1981).  A lawsuit which is originally jusiticiable because of the named plaintiff's live claims may be justiciable at a later stage because of the live claims of the unnamed plaintiffs in a certified class.  *Id.*  This is because, when a class action is properly certified, it "acquire[s] a legal status separate from [the named plaintiff's] asserted interest."  *Sosna v. Iowa*, 419 U.S. 393, 399 (1975).  Accordingly, satisfaction of the class representative's

claim does not moot the entire action, so long as the claims of certified class members are justiciable.  *See Zeidman*, 651 F.2d at 1046.

The class members, which may take the place of the named plaintiff for Article III purposes, generally must do so, however, *while* the named plaintiff(s) have justiciable claims.  *Id*.  Thus, under general principles, "a purported class action becomes moot when the personal claims of all named plaintiffs are satisfied and no class has properly been certified."  *Zeidman*, 651 F.2d at 1041.  "In such a case there is no plaintiff (either named or unnamed) who can assert a justiciable claim against any defendant and consequently there is no longer a 'case or controversy' within the meaning of Article III of the Constitution."  *Id*.  Indeed, "a lawsuit brought as a class action must present jusiticiable claims at each stage of the litigation; if the named plaintiffs' individual claims become moot before a class has been certified, no justiciable claims are at that point before the court and the case must as a general rule be dismissed for mootness."  *Id*. at 1046.

### D.        The Fifth Circuit's Exception: The Relation Back Doctrine

In *Zeidman*, however, the Fifth Circuit recognized that, were such a strict rule to control in all cases, "[a] series of individual suits, each brought by a new named plaintiff, could individually be 'picked off' before class certification."  *Id*. at 1050.  In order to preserve the viability of class actions where defendants could easily satisfy individual plaintiffs' claims,  the Fifth Circuit held that the "general rule must yield when the district court is unable reasonably to rule on a motion for class certification before the individual claims of the named plaintiffs become moot."  *Id*. at 1045.  The Court reasoned that, "[a]lthough the case did not present the type of 'transitory' claims typically involved in the 'capable of repetition yet evading review' exception to the mootness doctrine, . . . the

same logic applied to situations in which 'the defendants have the ability by tender to each named plaintiff effectively to prevent any plaintiff in the class from procuring a decision on class certification.'"  *Murray v. Fidelity National Financial, Inc.*, 594 F.3d 419, 421 (5th Cir. 2010) (citing *Zeidman*, 651 F.2d at 1050).

The Court found that the *Zeidman* named plaintiffs' class certification motion was pending when the defendants made an offer of judgment satisfying their claims.[4]  Under these circumstances, the Court concluded "that a suit brought as a class action should not be dismissed for mootness upon tender to the named plaintiffs of their personal claims, at least when . . . there is pending before the district court a timely filed and diligently pursued motion for class certification."  *Id*. at 1051.

The *Zeidman* court explained that, although the individual plaintiffs' claims would be moot as a technical matter by the time the district court certified a class, the "relation back" doctrine would allow the certification to "relate back" to the filing of the complaint, when the plaintiff's claims presented a live controversy.  *Id*. at 1047-1051. Thus, through the relation back mechanism, the class members would take the place of the named plaintiff(s) for Article III purposes *while* the plaintiff(s) still possessed live claims.  Under appropriate circumstances, therefore, the relation back doctrine preserves a live controversy at each stage in the litigation, allowing the district court to retain subject matter jurisdiction and proceed to the merits of the named plaintiff's class certification motion.

In *Sandoz v. Cingular Wireless LLC*, the Fifth Circuit extended the reasoning

---

[4] The defendants in *Zeidman* argued that the district court had already denied the plaintiffs' class certification motion when they made the plaintiffs an offer of full relief.  The Fifth Circuit agreed that, under the defendants' version of the facts, the case would have been moot; however, it found that the district court's opinion on class certification was a limited one that left "the plaintiffs' motion for certification pending before the court."  *Zeidman*, 651 F.2d at 1037.

articulated in *Zeidman* to collective actions filed under the Fair Labor Standards Act ("FLSA"). [5] 553 F.3d 913 (5th Cir. 2008).  The *Sandoz* court also made clear that the "relation back" doctrine's applicability is not limited to cases in which a motion for class certification is pending when the defendant satisfies the named plaintiff's demand.

Of course, in *Zeidman*, the plaintiff filed a class certification motion *before* the defendant's offer of judgment; thus, the Fifth Circuit was not presented with the precise circumstances raised in *Sandoz*.  The defendant in *Sandoz*, however, made its offer of judgment to the named plaintiff roughly a month after receiving her complaint and before the plaintiff had an opportunity to move for certification of her collective action.  In fact, the plaintiff did not file her motion to certify until approximately nine months after the defendant's offer of judgment.  The Court, nonetheless, found that the "relation back" doctrine could apply to the circumstances presented, as long as Sandoz filed a *timely* motion for class certification.  *Id*. at 920-921 ("[W]hen a FLSA plaintiff files a timely motion for certification of a collective action, that motion relates back to the date the plaintiff filed the initial complaint, particularly when one of the defendant's first actions is to make a Rule 68 offer of judgment.").

In turn, the Court made clear that, in order to be timely, a plaintiff need not rush to the courthouse and file her motion for class certification before the defendant can satisfy her individual demand for relief.  Certainly, had the Fifth Circuit demanded a pending class certification motion as a prerequisite to the application of the relation back doctrine, *Sandoz* would not have met this standard.  But the Fifth Circuit did not dismiss the *Sandoz* case as moot.  Rather, the Court stated, "[A]lthough the district court was

---

[5] Although *Sandoz* was decided in the context of a Fair Labor Standards Act collective action and the current case involves a Rule 23 class action, the Fifth Circuit has recognized that *Sandoz* is "instructive" in the class action context.  *Murray*, 594 F.3d at 422 n. 2.

correct to suggest that [defendant's] motion to dismiss was premature, it failed to give the proper reason: that so long as [plaintiff] timely filed a motion to certify her collective action, that motion would relate back to the date she filed her initial state court petition." *Id*. at 921.   Given the unique circumstances presented—that the plaintiff had waited thirteen months after filing her complaint to move for class certification—the Fifth Circuit remanded the case to the district court for consideration of the timeliness of Plaintiff's class certification motion.   *Id*.   On remand, the district court found that the plaintiff's thirteen month delay in moving for certification was not unreasonable under the circumstances.   *See Sandoz v. Cingular Wireless, LLC*, Civil Action No. 07-1308, 2009 WL 2370643, at *3 (W.D. La. July 29, 2009).   Applying the relation back doctrine, the district court concluded that it possessed jurisdiction to rule on the plaintiff's motion for certification.   *Id*. at *4.

In short, *Zeidman* and *Sandoz* reveal that, so long as a plaintiff timely files and diligently pursues a motion to certify her collective or class action, that motion will relate back to the date the plaintiff filed her initial class or collective action complaint, regardless of the precise sequence of defendant's offer of complete relief.   As the Fifth Circuit has explained, the relation back mechanism thereby ensures that plaintiffs have a reasonable opportunity to move for class certification without being picked off by defendants employing Rule 68 as a sword.   *Sandoz*, 553 F.3d at 919.

### E.        Mechanics of the Relation Back Doctrine

The *Sandoz* court also articulated the appropriate procedure for applying the relation back doctrine.   When presented with a timely filed and diligently pursued motion for class certification, a district court may properly deny a motion to dismiss challenging

its subject matter jurisdiction on the basis that the defendant's offer of judgment mooted the named plaintiff's claims.  "If the court ultimately grants the motion to certify, then the Rule 68 offer to the individual plaintiff would not fully satisfy the claims of everyone in the collective action" or class action.  *Id*. at 921.  Accordingly, the case would present a live controversy between the class members and the defendant and the case would not be moot.  On the other hand, "if the court denies the motion to certify, then the Rule 68 offer of judgment renders the individual plaintiff's claims moot."  *Id*.  Certainly, at that point, under general principles instructing that a purported class action becomes moot when the personal claims of all named plaintiffs are satisfied and no class has properly been certified, the controversy would be moot and the case would be dismissed for lack of subject matter jurisdiction.

### F.        The Justiciability of Plaintiff's Original Complaint

In this case, if Plaintiff's motion for class certification was timely filed and the Court certifies a class, that certification will relate back to the date Plaintiff filed her original complaint.  Of course, as previously discussed, a lawsuit must present a live controversy at each stage in order to be justiciable.  Therefore, in order to avoid dismissal on mootness grounds, the certification of a class must "relate back" to a complaint that presented a live case or controversy when it was filed. Hometown does not appear to dispute that Plaintiff's original complaint presented a live controversy between Plaintiff and Hometown when it was filed.[6]   Hometown argues, rather, that any future class certification cannot properly relate back to Plaintiff's original complaint because it lacks

---

[6] Although Hometown titled the section of its Memorandum of Law discussing this issue, "The Original Complaint Did Not Create a Case or Controversy," it does not appear to actually argue that Plaintiff's original complaint failed to present a live case or controversy within the meaning of Article III.  Rather, it asserts only that Plaintiff failed to plead sufficient facts to establish federal jurisdiction through the EFTA.

sufficient facts to demonstrate federal jurisdiction.

To illustrate its argument, Hometown directs the Court to *Murray v. Fidelity National Financial, Inc.*, in which the Fifth Circuit found that the entire case was moot following an offer of judgment.  594 F.3d 419 (5th Cir. 2010).  Indeed, in that case, after the complaint was filed, it became clear that the named plaintiffs had not, in fact, conducted business with any of the defendants.  *Id*. at 420.  As a result, the original plaintiffs filed a motion for leave to amend their complaint in order to add the Murrays, who had actually dealt with one of the defendants.  *Id*.  Before the district court could rule on that motion, however, the relevant defendant tendered the full amount of the Murrays' individual claims.  *Id*.  The district court granted the defendants' motion to dismiss challenging subject matter jurisdiction.  The Fifth Circuit affirmed, holding that the original plaintiffs lacked standing and the Murrays' claims were moot before they were added to the complaint.  Thus, in *Murray*, neither the original nor the amended complaint presented a live case or controversy to which a future class certification could relate back.

Hometown contends that, as in *Murray*, Plaintiff's class, if certified, would relate back to a void.  The essence of Hometown's argument is that Plaintiff's complaint lacks sufficient factual allegations to establish the existence of federal jurisdiction; therefore, even if a class is certified, there will be no valid class complaint to which the certification can relate back.  In other words, Plaintiff's failure to state certain jurisdictional facts in her original complaint inhibits the relation back doctrine from successfully operating to save the case from mootness.[7]  Although Hometown acknowledges that plaintiffs may be

---

[7] Curiously, Hometown does not bring the Court's alleged lack of federal question jurisdiction as a separate ground for dismissal under Rule 12(b)(1).  It raises this alleged deficiency only as part of its argument

permitted to supply omitted jurisdictional facts via amendment, it argues that Plaintiff's claims were mooted before she filed her amended complaint. Thus, the only pleading that presented a live case or controversy when filed was the original complaint, which Hometown contends, fails to adequately plead federal jurisdiction.

There are a number of problems with Hometown's argument. First, significant differences exist between the facts presented in *Murray* and those currently before the Court that make *Murray*'s reasoning inapplicable. Certainly, unlike here, the *Murray* case *never* involved a live controversy. Indeed, the original plaintiffs lacked standing and the Murrays' claims were mooted before they were added to the complaint. As previously discussed, neither the original complaint, nor the amended complaint the Murrays' sought leave to file, presented a justiciable controversy to the court. The Fifth Circuit held, therefore, that the relation back doctrine as articulated in *Sandoz* and *Zeidman* could not save the case from mootness and declined the Murrays' invitation to extend the doctrine to protect plaintiffs with already moot claims seeking to be added to a lawsuit via amendment.[8]

Second, a lack of sufficient facts to establish federal jurisdiction is simply not analogous to a factual lack of Article III standing in a number of important ways. For example, even if a plaintiff's original complaint fails to allege sufficient facts to establish federal jurisdiction, she may amend the complaint to add the omitted facts and, in most

---

regarding the inapplicability of the relation back doctrine.

[8] The Murrays argued that *Zeidman*'s relation back rule should apply where a defendant attempts to moot the proposed named plaintiff's individual claims while a motion to amend seeking to add the plaintiffs is pending. Indeed, the plaintiffs were required by Rule 15(a)(2) to seek leave of the court before amending, which informed the defendants of the proposed class representatives, allowing them to be picked off before they were protected by the *Zeidman* rule. The Court rejected the Murray's argument, reasoning that, unlike *Sandoz* and *Zeidman*, the Murrays had a readily available means of preventing the defendants from mooting their claims—filing a separate lawsuit. *Id*. at 422.

cases, that amendment will relate back to the date of the original pleading.[9]  *See* Fed. R. Civ. P. 15(c)(1)(B).  By contrast, a case that is factually moot under Article III cannot be cured by amendment of the complaint.   Given this key doctrinal distinction, it is unsurprising that Hometown is unable to provide legal authority extending *Murray*'s limited holding to preclude the relation back doctrine's application to an original complaint lacking sufficient jurisdictional facts when filed.

Third, Hometown has not demonstrated that Plaintiff actually failed to plead sufficient facts to demonstrate the existence of federal jurisdiction.[10]  Hometown argues that, in order to establish subject matter jurisdiction pursuant to the EFTA, Plaintiff must allege that the ATM owner was a person "other than a financial institution holding a consumer's account."  (Def.'s Mem. of Law at 15.)  Although such an allegation may be necessary to state a claim under Rule 12(b)(6), Hometown has failed to persuade the Court that failure to allege this fact has *jurisdictional* consequences.   The only case Hometown cites for the proposition that failure to allege this fact deprives the Court of subject matter jurisdiction is readily distinguishable.   *United States ex rel. Branch Consultants, L.L.C. v. Allstate Ins. Co*., the case to which Hometown directs the Court, involved a qui tam action under the Federal Claims Act, a statute with clear jurisdictional bars, several of which the, defendants argued, deprived the court of jurisdiction.   ---

---

[9] The Court notes that Plaintiff's First Amended Complaint, in fact, supplies the allegedly omitted fact. (Pl.'s First Am. Compl. ¶ 16.)

[10] Hometown urges that, by failing to timely oppose its motion to dismiss pursuant to Rule 12(b)(6), Plaintiff has conceded that the necessary jurisdictional facts were missing from her original complaint. The Court disagrees.  Plaintiff filed her amended complaint on February 7, 2011, only three days after her February 4, 2011, response deadline.  In support of its position, Hometown cites Southern District of Texas Local Rule 7.4, which states that "[f]ailure to respond will be taken as a representation of no opposition." This rule, when read in conjunction with Local Rule 7.3, makes clear that the district court may rule on an opposed motion 21 days from the motion's filing, regardless of whether a response has been filed, as it may be deemed unopposed.  The rule does not mean, however, that by failing to timely respond, the non-movant *concedes* the movant's version of the facts and/or the correctness of the movant's arguments.

F.Supp.2d ----, 2011 WL 322367 (E.D. La. Jan. 24, 2011).  In that case, the court agreed with the defendants that many of the relator's claims had to be dismissed for lack of subject matter jurisdiction, *inter alia*, because the relator failed to meet pre-filing disclosure requirements.  *Id*. at *18.  By contrast, the allegedly missing fact in Plaintiff's complaint lacks the clear jurisdictional significance of pre-filing disclosure requirements in the context of a qui tam action.

In conclusion, the Court is unconvinced by Hometown's attempts to impose additional hurdles to the applicability of the relation back doctrine.[11]  At this stage in the litigation, in order to avoid dismissal on mootness grounds, Plaintiff need only timely file and diligently pursue a motion for class certification that, if granted, will relate back to her class complaint, which clearly presented a live controversy between Plaintiff and Hometown when it was filed.  Thus, the Court will continue its analysis of the applicability of the relation back by considering the timeliness of Plaintiff's motion for class certification.

G.      **Timeliness of Plaintiff's Class Certification Motion**

As previously explained, although the applicability of the relation back mechanism is not limited to cases in which a motion for class certification is pending when the defendant satisfies the named plaintiff's demand, the Fifth Circuit has provided little guidance regarding the precise definitions of "timely" and "diligently pursued."  It is

---

[11] Hometown attempts to impose still an additional requirement on the applicability of the Fifth Circuit's relation back doctrine.  Specifically, Hometown argues that the doctrine applies only when "there are sufficient allegations to demonstrate that invocation of a class action has colorable merit."  (Def.'s Mem. of Law at 9.)  Whether a complaint contains sufficient factual allegations is an entirely separate inquiry that does not ordinarily impact a court's mootness analysis.  As Hometown has also filed a motion to dismiss under Rule 12(b)(6), the Court will undertake that analysis in section III of this Order.  The Court will also resolve Plaintiff's pending motion for class certification once it has been fully briefed.  As Hometown has cited no authority requiring the Court to pre-judge the merits of Plaintiff's proposed class prior to applying the relation back doctrine, the Court declines to do so.

clear, however, that a motion for class certification must be filed "without undue delay" in order to warrant application of the relation back doctrine. *Sandoz*, 553 F.3d at 921. To meet this standard, courts generally require that such a motion be filed in compliance relevant court rules and deadlines.

Federal Rule of Civil Procedure 23(c)(1)(A) provides that at "an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." There is no Federal Rule of Civil Procedure or local rule in the United States District Court for the Southern District of Texas mandating that a plaintiff file a motion for class certification within a certain timeframe. In this case, when Plaintiff filed her class certification motion, no scheduling order was yet in place setting a deadline for her to file such a motion.

In urging that Plaintiff's motion was untimely and/or not diligently pursued, Hometown directs the Court to a number of class action settlement agreements in cases brought by Plaintiff's counsel involving similar allegations. Hometown argues that, given the simplicity of Plaintiff's claims, the fact that she seeks only statutory damages, and that her counsel has used the same class structure in previous cases, the three and a half month delay in filing her motion for class certification demonstrates a lack of diligence. Indeed, in light of these factors, Hometown urges, "there is no realistic reason for there to have been any delay in filing a motion to certify a class in this case." (Def.'s Mem. of Law at 11.) Hometown's arguments, thus, imply that Plaintiff should have filed her class certification motion along with her class complaint, or at least at some time shortly thereafter.

The Court finds Hometown's references to other cases to be unavailing and

disagrees with Hometown's conclusion that Plaintiff engaged in undue delay in filing her motion for class certification. When examining the circumstances of *this* case it is clear that Plaintiff was diligent in filing her class certification motion on February 7, 2011, less than four months after she filed her class complaint and only four days after receiving Hometown's offer of judgment. At the time, Hometown had not yet filed a response to her complaint on the merits and no discovery had taken place.

In the absence of a rule requiring Plaintiff's class certification to have been filed earlier, the Court is reluctant to find that the motion was untimely under the circumstances. Certainly, many courts, including the Fifth Circuit, have not required a pending class certification motion as a prerequisite to application of the relation back doctrine because they believe such a rule would create a race to the courthouse and encourage premature class certification filings. The same reasoning is relevant to the Court's timeliness determination in this case. *See Schaake v. Risk Management Alternatives, Inc.*, 203 F.R.D. 108, 112 (S.D.N.Y. 2001) ("Taken to its absurd logical conclusion, the policy urged by defendant would clearly hamper the sound administration of justice, by forcing a plaintiff to make a class certification motion before the record for such motion is complete–indeed before an Answer is filed–would result in sweeping changes to accepted norms of civil litigation in the Federal Courts."); *Wilder Chiropractic, Inc. v. Pizza Hut of Southern Wisconsin, Inc.*, 754 F.Supp.2d 1009, 1015 (W.D. Wis. 2010) ("It would make little sense to fashion a rule that would allow the fate of a case to be resolved by a race to the courthouse, particularly when the deadline for filing a motion for class certification is still months away. . . . Such an arbitrary result would serve no purpose other than providing defendants a procedural advantage or

requiring plaintiffs in every class action to accompany their complaint with a motion for class certification."); *Liles v. American Corrective Counseling Services, Inc.*, 201 F.R.D. 452, 455 (S.D. Iowa 2001) ("Hinging the outcome of this motion on whether or not class certification has been filed is not well-supported in the law nor sound judicial practice; it would encourage a 'race to pay off' named plaintiffs very early in litigation, before they file motions for class certification."); *Stewart v. Cheek & Zeehandelar, LLP*, 252 F.R.D. 384, 386 (S.D. Ohio 2008) ("[I]f the putative class representatives' claims could be mooted by a settlement offer tendered before the certification motion is filed–each side will endeavor to beat the other to the punch. Plaintiffs will be forced to swiftly file their certification motions, possibly before completing class-related discovery, in order to maintain their claims. . . . Defendants, on the other hand, will race to make their settlement offers before plaintiffs file their certification."); *Zeigenfuse v. Apex Asset Management, LLC*, 239 F.R.D. 400, 402 (E.D. Pa. 2006) ("The validity of a Rule 68 offer should not be determined by who wins the race to the courthouse–the filer of the motion for class certification or the filer of a Rule 68 offer."); *Hrivnak v. NCO Portfolio Management, Inc.*, No. 1:10-CV-646, 2010 WL 5392709, at *8 (N.D. Ohio Dec. 22, 2010) (a rule that does not depend on the precise timing of the class certification motion vis-à-vis the offer of judgment "discourages premature motion practice and allows the court to set reasonable time frames for the filing of motions for class certification without fear that it has provided a substantial litigation advantage to the defendant by having done so"); *see also*, *Jancik v. Cavalry Portfolio Services, LLC*, Civil No. 06-3104 (MJD/AJB), 2007 WL 1994026, at *3 (D. Minn. July 3, 2007).

Hometown implies that Plaintiff should have filed her motion for class certification immediately. In the interest of discouraging gamesmanship and premature class certification filings, however, the Court believes that plaintiffs should be permitted a reasonable period of time in which to move for class certification. A three and a half month delay from the filing of Plaintiff's complaint to the filing of her motion for class certification was certainly reasonable under the circumstances.

### H.      Conclusion

In sum, Hometown's motion to dismiss pursuant to Rule 12(b)(1) must be **DENIED**. The Court finds that Plaintiff's motion for class certification was timely and has been diligently pursued. If the Court grants Plaintiff's class certification motion, the certification will relate back to the date of her original complaint. At that point, even if Plaintiff's personal claims are moot, the class members' claims will present a justiciable controversy. If the class certification motion is denied, the case may be moot if the Court finds that Hometown's offer of relief was sufficient to satisfy Plaintiff's individual claims.

### III.     MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

In addition to its motion to dismiss pursuant to Rule 12(b)(1), Hometown has also challenged the sufficiency of the allegations contained in Plaintiff's original complaint under Rule 12(b)(6). As a preliminary matter, Hometown argues that Plaintiff's First Amended Complaint ("FAC") is a nullity because it was filed after the period for amending as a matter of course under Rule 15(a)(1)(B). The Court, however, "should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). In this case, Plaintiff's FAC was filed only three days after the period for amending as a matter

of course had elapsed.   The Court believes that good cause exists for the Court to give Plaintiff leave to amend.

Thus, the Court will analyze Hometown's arguments for dismissal under Rule 12(b)(6) with reference to Plaintiff's FAC, not her original complaint.   As set forth below, any arguable defects Hometown identified in Plaintiff's original complaint have been cured by the filing of her FAC.   As Hometown has not yet had an opportunity to move for dismissal of Plaintiff's FAC, if Hometown believes defects persist in the amended pleading, the Court will permit Hometown to file a Rule 12(b)(6) motion challenging its sufficiency.

### A.        Rule 12(b)(6) Legal Standard

"To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'"   *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. ---, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).   A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.*   A pleading need not contain detailed factual allegations, but must set forth more than "labels and conclusions,

and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (citation omitted).

Ultimately, the question for the court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff.  The court must accept well-pleaded facts as true, but legal conclusions are not entitled to the same assumption of truth. *Iqbal*, 129 S. Ct. at 1950 (citation omitted).  The court should not "'strain to find inferences favorable to the plaintiffs'" or "accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'"  *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004)).  A district court can consider the contents of the pleadings, including attachments thereto, as well as documents attached to the motion, if they are referenced in the plaintiff's complaint and are central to the claims.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000).  Furthermore, a Court may refer to matters of public record when deciding a motion to dismiss. *Chauhan v. Formosa Plastics Corp.*, 212 F.3d 595, 595 (5th Cir. 2000).  Importantly, the court should not evaluate the merits of the allegation, but must satisfy itself only that plaintiff has adequately pled a legally cognizable claim.  *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).  "Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 231 (5th Cir. 2009) (internal citation omitted).

### B.        Analysis[12]

Hometown argues that Plaintiff has failed to state claim under the EFTA because

---

[12] As previously discussed, the Court rejects Hometown's argument that Plaintiff's tardy FAC filing amounts to a concession that the original complaint lacked sufficient factual allegations.

she did not allege 1) that Hometown is not the financial institution that holds the account from which Plaintiff made the relevant transfer; 2) that Plaintiff was the owner of the account to or from which the relevant transfer was made; or 3) that the transfer involved an "account" subject to the EFTA.

In order to gain relief under § 1693(b) of the EFTA, a plaintiff must show that the defendant was acting as an "automated teller machine operator," which is defined as any person who "operates an automated teller machine at which consumers initiate electronic fund transfers" and "is not the financial institution that holds the account of such consumer from which the transfer is made."  15 U.S.C. § 1693b(d)(3)(D)(i).  Hometown argues that Plaintiff's complaint contains no factual allegations regarding whether Hometown is the financial institution holding the account from which Plaintiff made the alleged transfers.  Without this fact, Hometown argues, Plaintiff cannot state a claim against Hometown because it has not alleged that Hometown meets the definition of an ATM operator subject to liability under the EFTA.

In Plaintiff's FAC, she alleges that Bank of America is the financial institution that holds the account from which she made two withdrawals on May 23, 2010.  (Pl.'s FAC ¶ 16.)  Of course, if Bank of America holds the relevant account, Hometown is not the financial institution that holds the account and, thus, Plaintiff has sufficiently alleged that Hometown is an ATM operator within the meaning of the EFTA.

Hometown also contends that Plaintiff has failed to plead any facts alleging that she was the owner of the account from which the relevant transfers were made.  This failure, Hometown contends, raises the issue of whether Plaintiff has standing to assert claims under the EFTA.  In Plaintiff's FAC, however, she makes clear that the account

from which she made the relevant withdrawals on May 23, 2010, was her personal checking account.  Thus, there is no question that she possesses standing to sue for violations of the EFTA's notice provisions.

The EFTA limits the types of accounts that are subject to its provisions.  Pursuant to 15 U.S.C. § 1693a(2), "the term 'account' means a demand deposit, savings deposit, or other asset account . . . established primarily for personal, family, or household purposes."  Hometown contends that Plaintiff failed to demonstrate that she made transfers from an account meeting this statutory definition.

Plaintiff's FAC alleges that, on May 23, 2010, she made two withdrawals from her checking account used primarily for personal or household purposes.  (Pl.'s FAC ¶ 16.)  These allegations are sufficient to demonstrate that the account is subject to the fee notice requirements of 15 U.S.C. § 1693b(d)(3).

In short, even if Plaintiff's original complaint failed to allege the facts Hometown identifies, which are necessary to state a claim for statutory damages under 15 U.S.C. § 1693b(d)(3), her FAC cured any such deficiencies.  Thus, Hometown's motion to dismiss under Rule 12(b)(6) must be **DENIED**.

## IV.  CONCLUSION

The Court finds that Plaintiff's motion for class certification was timely filed and diligently pursued and Plaintiff's original complaint presented a live controversy when it was filed.  Thus, if the Court certifies a class in this case, it will relate back to the original complaint, which presented a live controversy when filed.  Hometown's motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction (Doc. No. 14) must, therefore, be **DENIED** at this time.

Hometown's motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) (Doc. No. 8) must also be **DENIED**.  Indeed, the Court believes that Plaintiff should be given leave to amend her complaint and any arguable deficiencies that Hometown identifies in Plaintiff's original complaint were cured by Plaintiff's FAC.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 27th day of June, 2011.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

26