UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LISA MABARY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civ. No. 4:10-cv-3936 |
| | § | |
| HOMETOWN BANK, N.A., | § | |
| | § | |
| Defendant | § | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Lisa Mabary's Motion to Certify Class ("Motion"). (Doc. No. 13.) For the reasons explained below, the Court determines that the Motion should be **GRANTED**.

### I. BACKGROUND

In October 2010, Plaintiff Lisa Mabary ("Mabary" or "Plaintiff") filed the present lawsuit on behalf of herself and all others similarly situated, alleging that Hometown Bank, N.A. ("Hometown") violated the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* ("EFTA"), and its implementing Regulation E, 12 C.F.R. § 205.1 *et seq.* Plaintiff alleges that, in May 2010, she was charged a $2.00 transaction fee in connection with one or more electronic fund transfers she completed using an ATM or ATM(s) operated by Hometown. She asserts that there was no notice posted "on or at" the relevant ATM(s) operated by Hometown that informed customers about the imposition of a fee.

1

Hometown previously filed a Motion to Dismiss, which the Court denied. (Doc. No. 32.)

Plaintiff now seeks certification of the following Class:

> All non-customers who made an electronic fund transfer, from an account used primarily for personal or household purposed [*sic*], between May 23, 2009, through the date on which Defendant came into compliance with the ATM Fee posting requirements of the EFTA, at the ATMs operated by Defendant at 1406 West Main, League City, TX 77573; 1050 North Bypass 35, Alvin, TX 77573; 13701 Farm to Market 3005, Galveston, TX 77554; and, 4424 Seawall Blvd., Galveston, TX who were charged a "Terminal Fee."

(Mot. Class Cert. 5.)

## II.  LEGAL STANDARD

Federal class actions are governed by the requirements of Federal Rule of Civil Procedure 23. *Unger v. Amedisys Inc.*, 401 F.3d 316, 320 (5th Cir. 2005). The party seeking class certification bears the burden of showing that Rule 23 has been satisfied. *Id.* (citing *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479-80 (5th Cir. 2001)). Rule 23(a) provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Therefore, courts determine whether to certify a class by scrutinizing numerosity, commonality, typicality, and representativeness. *Id.* In addition to these three prongs, this Court must additionally find, under Rule 23(b)(3), predominance and superiority. *Id.* "The predominance element requires a finding that common issues of law or fact 'predominate over any questions affecting only individual members.'" *Id.* (quoting Fed.

R. Civ. P. 23(a)). This requirement is more demanding than the commonality prong of Rule 23(a) "because it 'tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation.'" *Id.* (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623-24 (1997)). Finally, a party seeking class certification must show that a class action "is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

### III.   ANALYSIS

For the following reasons, the Court believes that Mabary has satisfied the requirements of Federal Rule of Civil Procedure 23.

#### A.   Requirements of Rule 23(a)

##### i.   *Numerosity*

"To satisfy the numerosity prong, 'a plaintiff must ordinarily demonstrate some evidence or reasonable estimate of the number of purported class members.'" *M.D. v. Perry*, No. C-11-84, 2011 WL 2173673, at *4 (S.D. Tex. June 2, 2011) (quoting *James v. City of Dallas, Tex.*, 254 F.3d 551, 570 (5th Cir. 2001)). Mabary states that she will be serving written discovery on Hometown to develop record evidence demonstrating that numerosity is easily satisfied. As the number of individuals who used the ATMs in question is likely considerable, and at the very least greater than 30 to 40, the Court finds it credible that the number of potential class members in this lawsuit satisfies the numerosity requirement. *See Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 624-25 (5th Cir. 1999) (observing that a class of 100 to 150 normally satisfies the numerosity requirement (citing 1 Newberg on Class Actions § 3.05, at 3-25 (3d ed. 1992) (suggesting

that any class consisting of more than forty members "should raise a presumption that joinder is impracticable"))).

### ii. Commonality

Under the commonality prong, which "is not demanding," *James*, 254 F.3d at 570, a plaintiff must demonstrate that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). To meet this requirement, "[t]he plaintiff need only show that 'there is at least one issue whose resolution will affect all or a significant number of the putative class members.'" *Doiron v. Conseco Health Ins. Co.*, 279 Fed.Appx. 313, 316 (5th Cir. 2008) (quoting *Forbush v. J.C. Penney Co.*, 994 F.2d 1101, 1106 (5th Cir. 1993). "That 'some of the plaintiffs may have different claims, or claims that may require some individualized analysis, is not fatal to commonality.'" *Id.* (quoting *James*, 254 F.3d at 570). Plaintiff lists several issues that she has in common with her potential class members, including: whether Hometown was an automated teller machine operator; whether Defendant complied with the statutory notice requirements; and whether Mabary and the class members are entitled to statutory damages, costs, and/or attorneys' fees for Hometown's acts and conduct. Together, these factors show commonality between the parties. Therefore, the commonality prong of Rule 23(a) is met.

### iii. Typicality

To assess typicality, a court must determine that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(2). As with commonality, the test for typicality is not demanding. *James*, 254 F.3d at 571. To be typical, the claims and defenses need not be completely identical. Instead, "the critical inquiry is whether the class representative's claims have the same essential

4

characteristics of those of the putative class." *Id.* (citations omitted). As the Supreme Court has explained, both the commonality and the typicality requirements "serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 157 n.13 (1982). The Court agrees with Mabary that her claims are typical of those of the potential class because they derive from an identical factual predicate and are based upon the same legal theory. Therefore, Mabary meets the typicality prong of Rule 23(c).

### iv. *Representativeness*

Section 4 of Rule 23(a) requires that plaintiffs demonstrate that "the representative parties will fairly and adequately protect the interests of the class." Thus, to assess representativeness, courts must examine "class representatives, their counsel, and the relationship between the two." *Stirman v. Exxon Corp.*, 280 F.3d 554, 563 (5th Cir. 2002) (citations omitted). Class representatives must have sufficient knowledge and understanding so as to be able to control or prosecute the litigation. *Feder v. Elec. Data Systems Corp.*, 429 F.3d 125, 129-30 (5th Cir. 2005). Additionally, the representative's counsel should be zealous and competent, and the representative should be willing and able "to take an active role in and control the litigation and to protect the interests of the absentees." *Stirman*, 280 F.3d at 563. Courts should also uncover conflicts of interest between named plaintiffs and proposed class members. *Feder*, 429 F.3d at 130. Importantly, "[d]ifferences between named plaintiffs and class members render the named plaintiffs inadequate representatives only if those differences create conflicts

between the named plaintiffs' interests and the class members' interests." *James*, 254 F.3d at 571. Mabary and her counsel have submitted affidavits and resumes that together demonstrate that they will fairly and adequately represent the interests of the potential class. Hometown objects that Mabary seeks only statutory damages, rather than actual damages. However, the Court believes that this fact does not undermine the adequacy of Mabary's representation. *See Redmon v. Uncle Julio's of Illinois, Inc.*, 249 F.R.D. 290, 295 (N.D. Ill. 2008) (in the context of a proposed class action under the FCRA, observing that although lead plaintiff seeks only statutory damages, "requiring class counsel to seek actual damages for each individual class member would make the class action unmanageable because actual damages in FCRA cases are likely to be small" and noting that "[c]lass members with individual claims for actual damages may always opt out of the class to pursue these claims on their own").

### B. Requirements of Rule 23(b)(3)

"To gain class certification under Rule 23(b)(3), a proposed class must satisfy Rule 23(a) and '[c]ommon questions must predominate over any questions affecting only individual members, and class resolution must be superior to other available methods for the fair and efficient adjudication of the controversy.'" *Maldonado v. Oschsner Clinic Foundation*, 493 F.3d 521, 525 (5th Cir. 2007) (quoting *Amchem*, 521 U.S. at 615). The predominance inquiry is "more demanding than the commonality requirement of Rule 23(a), and as such, mandates caution, particularly where 'individual stakes are high and disparities among class members great.'" *Bell Atlantic Corp. v. AT&T Corp.*, 339 F.3d 294, 301 (5th Cir. 2003) (quoting *Amchem*, 521 U.S. at 615). The Court agrees with Mabary that the issues subject to generalized proof in this case, and thus applicable to the

class as a whole, predominate over questions affecting individual members. Specifically, Mabary and the potential class claim the same statutory injury by the same course of conduct. *Burns v. First American Bank*, No. 04-C-7682, 2006 WL 3754820 (N.D. Ill. Dec. 19, 2006) (observing, in the context of an EFTA suit against a bank, that "[w]hatever the ultimate merits of this claim, it will be decided predominately, if not entirely, based on common evidence of Defendant's conduct").

The Court also believes a class action is superior to other methods of adjudication. Potential individual recovery is small, making class adjudication particularly appropriate. *See, e.g., Stillmock v. Weis Markets, Inc.*, 385 Fed.Appx. 267, 275 (4th Cir. 2010) (observing that class adjudication may be appropriate when "there is no indication … that class members would have a strong interest in individual litigation"). Indeed, one of the "very core" purposes of the class action is to "overcome the problem that small recoveries do not provide the incentive for any individual to bring solo action prosecuting his or her rights." *Amchem*, 521 U.S. at 615. Therefore, the Court believes that a class action is a superior means for adjudicating this controversy.

### IV.    CONCLUSION

For the foregoing reasons, the Court concludes that Mabary's Motion for Class Certification should be **GRANTED.** The following class is certified:

> All non-customers who made an electronic fund transfer, from any account used primarily for personal or household purposes, between May 23, 2009 through the date on which Defendant came into compliance with the ATM Fee posting requirements of the EFTA, at any of the ATMs operated by Defendant at 1406 West Main, League City, TX 77573; 1050 North Bypass 35, Alvin, TX 77573; 13701 Farm to Market 3005, Galveston, TX 77554; and, 4424 Seawall Blvd., Galveston, TX 77550 and who were charged a "Terminal Fee."

The Court appoints Plaintiff Lisa Mabary as the Class Representative and the firms of Lippe & Associates and Carlson Lynch Ltd. as Class Counsel. Class Counsel are directed to submit a proposed plan of notice within fifteen (15) days of the date of this Memorandum & Order.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 21st day of November, 2011.

_____
**KEITH P. ELLISON**
**UNITED STATES DISTRICT COURT JUDGE**