UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LISA MABARY, individually and on behalf of all others similarly situated, § § § § Plaintiff, § § V. § HOMETOWN BANK, N.A., § § § Defendant. § | Case No. 4:10-cv-3936 |

## MEMORANDUM AND ORDER

Before the Court is Defendant's Motion to Dismiss ("Motion"). (Doc. No. 43.) After considering the Motion, all responses and replies thereto, and the applicable law, the Court concludes that the Motion should be **DENIED**.

### I. FACTS

The Court reviewed the facts of this case in a prior Memorandum and Order (Doc. No. 32) and will not do so again. In brief, Plaintiff filed the present lawsuit on behalf of herself and all others similarly situated, alleging that Defendant violated the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* ("EFTA"), and its implementing Regulation, 12 C.F.R. § 205.1 *et seq*. The EFTA requires any automated teller machine ("ATM") operator who imposes fees on consumers to provide notice of the fact that a fee is being imposed and the amount of the fee. 15 U.S.C. § 1693b(d)(3)(A). The statute requires the notice to be posted in two places: both at the ATM machine and on the screen of the ATM or, alternatively, on a paper notice issued before the transaction is completed. 15 U.S.C. § 1693b(d)(3)(B).

Plaintiff alleges that, in May 2010, she was charged a $2.00 terminal fee in connection with one or more electronic fund transfers she completed using an ATM operated by Defendant. Plaintiff asserts that there was no notice posted "on or at" the relevant ATM operated by Defendant that informed consumers about the imposition of a fee. (Compl. ¶ 16-19.) This putative class action is on behalf of all persons who were charged a "terminal fee" at ATMs operated by the Defendant, where there was no notice posted on the ATM machine.

On October 5th, 2011, Defendant filed a Motion to Dismiss or Alternatively for Stay. Defendant argued that, because Plaintiff did not suffer actual damages, no injury-in-fact occurred. Thus, Defendant claimed that Plaintiff lacked standing. In the alternative, Defendant asked that the case be stayed pending a Supreme Court decision on a related case, *First Am. Fin. Corp. v. Edwards,* 132 S. Ct. 2536 (2012). This Court did not rule on Defendant's Motion to Dismiss at that time, but granted the stay. The Supreme Court found that certiorari had been improvidently granted, and this Court subsequently unstayed the case on August 10th, 2012.

Defendant's Motion is fully briefed and ripe for decision. The Court finds that the Plaintiff does have standing, and thus that Defendant's Motion must be denied.

## II. LEGAL STANDARD

### A. Rule 12(b)(1) standard

Unlike a dismissal for lack of prudential or statutory standing, which is properly granted under Rule 12(b)(6), a dismissal for lack of constitutional standing should be granted under Rule 12(b)(1). *Blanchard 1986, Ltd. v. Park Plantation, LLC*, 553 F.3d 405,

409 (5th Cir.2008); *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 (5th Cir. 2011). Courts may dismiss for lack of subject matter jurisdiction on any one of three bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir.1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

The plaintiff bears the burden of demonstrating that subject matter jurisdiction exists. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981); *Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir.1980); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). In ruling on a motion to dismiss for lack of standing, the court must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party. *Jenkins v. McKeithen*, 395 U.S. 411, 421-422 (1969).

**B. Standing**

Article III of the Constitution limits the scope of the federal judicial power to the adjudication of "cases" or "controversies." U.S. Const. art. III, § 2. Standing is an element of Article III's case or controversy requirement, and the lack of standing precludes subject matter jurisdiction. *Allen v. Wright*, 486 U.S. 737, 750 (1984). Article III standing is a "threshold jurisdictional question." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998).

Standing is composed of three elements: (1) the plaintiff must have suffered an "actual or imminent" injury which is "concrete and particularized," and may not be "conjectural or hypothetical;" (2) there must be a causal connection between the injury and

3

the conduct complained of; and (3) "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Particularized means "that the injury must affect the plaintiff in a personal and individual way." *Lujan*, 504 U.S. at 560.

Before the Court is a putative class action, where Plaintiff represents other similarly situated individuals who were allegedly charged a terminal fee by Defendant without two forms of notice. The Article III standing requirements apply equally to class actions. *Grant ex rel. Family Eldercare v. Gilbert*, 324 F.3d 383, 390 (5th Cir. 2003) (citing *Lewis v. Casey*, 518 U.S. 343, 357 (1996)). The class representative must allege an individual, personal injury in order to seek relief on behalf of herself or any other member of the class. *Id*.

At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we "presum [e] that general allegations embrace those specific facts that are necessary to support the claim." *Lujan,* 504 U.S. at 561; *Public Citizen, Inc. v. Bomer,* 274 F.3d 212, 218 (5th Cir. 2001); *Betancourt v. Federated Dept. Stores*, 732 F. Supp. 2d 693, 699 (W.D. Tex. 2010).

**III. ANALYSIS**

In the Motion before this Court, Defendant claims that, under the language of the EFTA, the fee charged as part of the allegedly improper transaction is not cognizable as actual damages. In order to show actual damages, Plaintiff would have to show detrimental reliance. Defendant argues, however, that if Plaintiff concedes she knew that the fee would be charged because she did have one form of notice, then she has not suffered actual damages. Additionally, if Plaintiff were seeking actual damages, the suit could not proceed

as a class action. Each member of the putative class would have to show detrimental reliance, and this need for proof would preclude the certification of a class. *Perrone v. Gen. Motors Acceptance Corp.*, 232 F.3d 433, 440 (5th Cir. 2000); *Nadeau v. Wells Fargo Bank, Nat'l Ass'n*, CIV.10-4356 PAM/JSM, 2011 WL 1633131, *4 (D. Minn. Apr. 26, 2011). Defendant states that, if this is an action for statutory damages only, Plaintiff has not been injured-in-fact and thus lacks standing to proceed on her own or as a class representative.

In her Response, Plaintiff concedes that she and the putative class have not suffered any actual out-of-pocket economic injury. Plaintiff asserts that Defendant violated the notice requirement for fees charged under the EFTA, and that her injury-in-fact was the injury of the statutory right to notice on the ATM machine.

This Court finds that, while Plaintiff does not seek actual damages, she can meet the requirement of showing an injury-in-fact. The actual or threatened injury required by Article III may exist solely by virtue of "statutes creating legal rights, the invasion of which creates standing." *Warth v. Seldin*, 422 U.S. 490, 500 (1975). The majority approach taken by district courts across the country—including one in the Fifth Circuit—is to grant standing, on the basis of a statutory right contained in the EFTA, to those situated similarly to Plaintiff. *See Zabienski v. ONB Bank & Trust*, 12-CV-0130-CVE-TLW, 2012 WL 3583020, at *4 (N.D. Okla. Aug. 20, 2012); *Sucec v. The Greenbriar*, No. 5:11–cv–00968, 2012 WL 3079212, at *1 (S.D.W.Va. July 30, 2012); *Campbell v. Hope Cmty Credit Union*, No. 10–2649–STA, 2012 WL 423432, at *3; *Kinder v. Dearborn Fed. Sav. Bank*, No. 10–12570, at *2 (E.D.Mich. Dec. 20, 2011); *In re Regions Bank ATM Fee Notice Litig.*, No. 2:11–MD–2202–KS–MTP, 2011 WL 4036691, at *4 (S.D.Miss. Sept. 12, 2011).

The Court is aware of one minority opinion in which the plaintiff alleged only statutory damages under the EFTA, and the district court found no standing. *Charvat v. First Nat. Bank of Wahoo*, NO. 8:12CV97, 2012 WL 2016184 (D. Neb. June 4, 2012). In *Charvat*, there was no notice posted on or at the ATM apprising consumers that a fee would be charged, although Charvat did receive an on-screen notice. The *Charvat* court asserted that, regardless of the statutory violation, the "hard floor" constitutional requirement of injury-in-fact had not been met. *Id.* at *3.

This Court disagrees and finds that the statutory violation of EFTA is, in and of itself, an injury-in-fact. The Court is convinced that if Congress included two forms of damages in the statute—actual and statutory—Congress intended to create a statutory right and a mechanism to redress violations thereof. *In re Regions Bank ATM Fee Notice Litig.*, 2011 WL 4036691, at *4. Even though Plaintiff received notice of the fee in one form—on the ATM screen—Plaintiff's alleged failure to receive notice in both statutorily mandated forms is an injury. Congress may enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute. *Hardin v. Kentucky Utilities Co.,* 390 U.S. 1, 6 (1968); *Linda R.S. v. Richard D.*, 410 U.S. 614, 617 (1973); *O'Shea v. Littleton*, 414 U.S. 488, 495 (1974).

The Supreme Court's standing jurisprudence in similar contexts, including the Fair and Accurate Credit Transaction Act (FACTA), demonstrates that a statutory violation is sufficient to create an injury-in-fact.  FACTA requires that a merchant who accepts credit and debit cards to truncate all but the last five digits of the cardholder's number and expiration date from the paper receipt given to the consumer. 15 U.S.C. § 1681n(a)(1). Being handed a receipt that omits part of one's credit card information is a legally protected

6

interest created by FACTA, and a person suffers an injury sufficient to confer standing when that interest is violated. *See, e.g., Hedlund v. Hooters of Houston,* CIV.A.2:08-CV-45, 2008 WL 2065852 (N.D. Tex. May 13, 2008); *Korman v. Walking Co.,* 503 F.Supp.2d 755, 759 (E.D.Pa.2007)*, citing Ehrheart v. Lifetime Brands, Inc.,* 498 F.Supp.2d 753 (E.D.Pa.2007). An invasion of a legally protected interest has occurred even when no identity theft has taken place and no actual injury is alleged. *Korman*, 503 F.Supp.2d at 759; *Miller v. Sunoco, Inc.*, CIV.A. 07-1456, 2008 WL 623806 (E.D. Pa. Mar. 4, 2008); *Ramirez v. Midwest Airlines, Inc.*, 537 F.Supp.2d 1161 (D.Kan.2008); *Troy v. Home Run Inn, Inc.*, 07C4331, 2008 WL 1766526 (N.D. Ill. Apr. 14, 2008). Federal courts regularly find that "an invasion of a legally protected interest is an injury in fact." *Lujan*, 504 U.S. at 560. Similarly, the EFTA allows for relief even if the plaintiff has only suffered statutory damages. 15 U.S.C. § 1693m(a). The Court finds that Plaintiff has alleged sufficient facts that a legal right has been violated under EFTA and has standing to proceed.

Defendant's Motion to Dismiss is **DENIED.**

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 30th day of August, 2012.

**KEITH P. ELLISON**
**US DISTRICT COURT JUDGE**