IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LISA MABARY, individually and on behalf of all others similarly situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>HOMETOWN BANK, N.A., )<br><br>Defendant. ) | Case No. 4:10-cv-3936<br><br><br><br><br><br>Filed Electronically |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE OF FILING OF SUPPLEMENTAL AUTHORITY REGARDING PLAINTIFF'S MOTION TO CERTIFY CLASS AND DEFENDANT'S MOTIONS TO DISMISS**

There is no dispute that Defendant violated the on-machine posting requirements set forth in the ATM fee notice provisions of the Electronic Funds Transfer Act, 12 U.S.C. 1693 § (d)(3)(B)(the "EFTA"). There is similarly no dispute that Defendant violated the EFTA with respect to the claims that the Court certified on a class basis, which involve violations of the EFTA that occurred only *prior to* the passage of H.R. 4367. After a very small minority of banks, including Defendant, violated the ATM fee provisions of the EFTA, and a number of class action lawsuits were filed to challenge these violations (precisely as a unanimous Congress intended when the law was passed in the first instance), banking industry lobbyists went back to Congress and ultimately succeeded in changing the law. That was the genesis of H.R. 4367. However, H.R. 4367 cannot be applied retroactively under the analysis required by *Landgraf v. USI Film Prods.,* 511 U.S. 244 (1994), which was recently applied by this Court in *Holmes v. Air Liquide USA, LLC*, 2012 WL 267194 (S.D. Tex. Jan. 30, 2012)(Ellison, J.). Thus, the passage of H.R. 4367 does not support decertification of the class that this Court properly certified in its

order and opinion dated November 22, 2011 (Document No. 47), nor does it support dismissal of Plaintiff's claims.

In Paragraph 12 of its Notice of Supplemental authority, Defendant states: "[S]ince the purpose of a unanimous Congress in passing this bill was to eliminate this very kind of lawsuit, such legislation should be applied to this case under the principles of [*Landgraf v. USI Film Prods.,* 511 U.S. 244 (1994)]." Defendant does not discuss the analysis that is actually required by *Landgraf*, however, presumably because *Landgraf* cuts directly against Defendant's position. As this Court recently noted in *Holmes*, *supra*., *Landgraf* requires the following analysis:

> [T]he Supreme Court [in *Landgraf*] provided the framework by which courts are to determine the retroactivity of federal statutes. Noting the 'particular concerns' raised by retroactive statutes (internal page cite omitted), the Supreme Court instructs that courts must consider '**whether the new provision attaches new legal consequences to events completed before its enactment.'** (internal page citation omitted) If it does, a presumption against statutory retroactivity exists. The presumption against retroactivity can be rebutted by 'specific legislative authorization;' that is, where a statute unambiguously applies to preenactment conduct, '**there is no conflict between that principle and a *presumption* against retroactivity,'** and the statute is to be applied as it indicates. *Landgraf* at 273.
>
> [W]here a new statute would have a 'genuinely retroactive effect,' that is, where its application would '**impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed,**' it may not be applied retroactively.

*Holmes v. Air Liquide, supra.,* at *5 (emphasis in original).

For the Court's convenience, the full text of H.R. 4367 is attached as Exhibit 1. The statutory text does not even hint at retroactive applicability. Instead, what the law plainly does is eliminate a right that existed at the time the lawsuit was filed (i.e. a consumer's right to receive on-machine fee notices). Therefore, as this Court held in *Holmes*, the law may not be applied retroactively. *See Holmes* at *6 ("[T]his Court finds that the rights of contracting parties are

substantive, and that a statute affecting those rights undoubtedly impairs rights that existed at the time the parties acted.").

For this reason, and all of the myriad reasons that have been briefed previously, Plaintiff respectfully requests that the Court deny Defendant's requests the Class be decertified and the Plaintiff's Amended Complaint be dismissed.

Respectfully submitted,

/s/ R. Bruce Carlson
R. Bruce Carlson
bcarlson@carlsonlynch.com
CARLSON LYNCH LTD
PNC Park
115 Federal Plaza, Suite 210
Pittsburgh, PA 15212
412.322.9243 phone
412.231.0246 fax

Emil Lippe, Jr.
LIPPE & ASSOCIATES
600 N. Pearl Street, Suite S2460
South Tower, Plaza of the Americas
Dallas, Texas 75201
214.855.1850 phone
214.720.6074 fax

ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 2, 2013, a true and correct copy of PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE OF FILING OF SUPPLEMENTAL AUTHORITY REGARDING PLAINTIFF'S MOTION TO CERTIFY CLASS AND DEFENDANT'S MOTIONS TO DISMISS was served upon all counsel of record via the Court's electronic filing system.

/s/ R. Bruce Carlson