UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **LISA MABARY, individually and** | § | |
| **on behalf of all others** | § | |
| **similarly situated,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| V. | § | Case No. 4:10-cv-3936 |
| | § | |
| **HOMETOWN BANK, N.A.,** | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM AND ORDER

Before the Court is Parties' Supplemental Briefing on Certifying Class (Doc. No. 70, 71), as well as Supplemental Authority on the Electronic Fund Transfer Act ("EFTA") (Doc. No. 72, 73, 75.) After reviewing all briefing submitted by the parties, the Court finds that class certification must be **DENIED** and this suit must be **DISMISSED**.

## I. BACKGROUND

On October 19, 2010, Lisa Mabary ("Plaintiff" or "Mabary") filed the present lawsuit against Hometown Bank ("HBA" or "Defendant"), on behalf of herself and all others similarly situated, alleging that Defendant violated the EFTA, 15 U.S.C. § 1693 *et seq.*, and its implementing Regulation, 12 C.F.R. § 205.1 *et seq*. The EFTA requires any automated teller machine ("ATM") operator who imposes fees on consumers to provide notice of the fact that a fee is being imposed and the amount of the fee. 15 U.S.C. § 1693b(d)(3)(A). When it was implemented, the statute required the notice to be posted in two places: both at the ATM machine and on the screen of the ATM or, alternatively, on a paper notice issued before the transaction is completed. 15 U.S.C. § 1693b(d)(3)(B).

Plaintiff alleges that, in May 2010, she was charged a $2.00 terminal fee in connection with one or more electronic fund transfers she completed using an ATM operated by Defendant. Plaintiff asserts that there was no notice posted "on or at" the relevant ATM operated by Defendant that informed consumers about the imposition of a fee. (Compl. ¶ 16-19.) There is no dispute that Mabary received an actual on-screen notice of the fees.

On October 5th, 2011, Defendant filed a Motion to Dismiss or Alternatively for Stay. Defendant argued that, because Plaintiff did not suffer actual damages, no injury-in-fact occurred. Thus, Defendant claimed that Plaintiff lacked standing. This Court improperly certified the class before resolving the Motion to Dismiss. Thus, the Court decertified the class on December 21, 2011 pending the resolution of the Motion to Dismiss or Alternatively for Stay. Defendant asked that the case be stayed pending a Supreme Court decision on a related case, *First Am. Fin. Corp. v. Edwards,* 132 S. Ct. 2536 (2012). This Court granted the stay. The Supreme Court found that certiorari had been improvidently granted, and this Court subsequently unstayed the case on August 10th, 2012 and considered the Motion to Dismiss shortly thereafter. The Court found that Plaintiff did have standing to proceed. Since that time, the House of Representatives unanimously passed H.R. 4367, a bill that would repeal the exterior notice requirement. Subsequently, the Senate unanimously passed H.R. 4367, and the President signed it on December 20, 2012. Thus, Congress has repealed the relevant portion of the statute that is the very basis for Plaintiff's claim.

It is clear to this Court that, because of the passage of H.R. 4367, a class cannot be certified in this case. Class members are not parties to the litigation until the class has been certified. The Supreme Court has articulated that "[a] 'party' to litigation is '[o]ne by or

against whom a lawsuit is brought,' " *U.S. ex rel. Eisenstein v. City of New York, New York*, 556 U.S. 928, 932, 129 S. Ct. 2230, 2234, 173 L. Ed. 2d 1255 (2009) or one who "become[s] a party by intervention, substitution, or third-party practice," *Karcher v. May*, 484 U.S. 72, 77 (1987). Furthermore, an unnamed member of a *certified* class may be "considered a 'party' for the [particular] purpos[e] of appealing" an adverse judgment. *Devlin v. Scardelletti,* 536 U.S. 1, 7 (2002). However, before the class is certified, a nonnamed class member is not a party to the case. *Smith v. Bayer Corp.*, 131 S.Ct. 2368, 2379 (2011). The basis of any class claim ceased before certification. Thus, the Court finds that class certification must be denied.

The question of whether Mabary's claim survives the passage of H.R. 4367 is a more complicated one. Defendant continues to argue that Plaintiff did not suffer any real or actual injury in fact. However, the Court has already resolved this issue in a prior Order, finding that the actual or threatened injury required by Article III may exist solely by virtue of "statutes creating legal rights, the invasion of which creates standing." *Warth v. Seldin,* 422 U.S. 490 (1975), cited in *Mabary v. Hometown Bank, N.A.*, 888 F. Supp. 2d 857 (S.D. Tex. 2012). The Court will not revisit that issue here. Rather, the Court will examine whether the presumption against retroactivity applies here.

Generally, statutes are presumed to operate prospectively, not retrospectively. *See Martin v. Hadix,* 527 U.S. 343 (1999) ("the usual rule [is] that legislation is deemed to be prospective.") However, "[f]or more than a century, 'the general rule has been that when an act of the legislature is repealed, it must be considered, except as to transactions past and closed, as if it never existed.'" *Yakima Valley Mem'l Hosp. v. Washington State Dept. of Health*, 654 F.3d 919, 934 (9th Cir. 2011) citing *Ex Parte McCardle,* 74 U.S. 506, 514

(1868). Even in a pending action, "no judgment could be rendered ... after the repeal of the act under which it was brought and prosecuted." *Ex Parte McCardle,* 74 U.S. 506, 514 (1868). *See also United States v. Schrooner Peggy*, 5 U.S. 103, 110 (1801) ("if subsequent to the judgment and before the decision of the appellate court, a law intervenes and positively changes the rule which governs, the law must be obeyed…").

The Supreme Court in *Landgraf v. USI Film Prods.*, 511 U.S. 244 (1994), provided the framework by which courts are to determine the retroactivity of federal statutes. A "statute does not operate "retrospectively" merely because it is applied in a case arising from conduct antedating the statute's enactment or upsets expectations based in prior law." *Landgraf,* 511 U.S. at 269, *citing Republic Nat. Bank of Miami v. United States,* 506 U.S. 80, 100 (1992). Courts must consider "whether the new provision attaches new legal consequences to events completed before its enactment.' *Id.* If it does, a presumption against statutory retroactivity exists. *Holmes v. Air Liquide USA LLC*, 2012 WL 267194 (S.D. Tex. Jan. 30, 2012). The presumption against retroactivity can be rebutted by "specific legislative authorization; that is, where a statute unambiguously applies to preenactment conduct." *Id, citing Landgraf,* 511 U.S. at 273.

H.R. 4367 does not explicitly indicate that it is intended to apply retroactively. Defendant cites the Report of the House Committee on Financial Services, House Floor Debate, a number of Representatives' comments to establish that the purpose of H.R. 4367 was to put a stop to frivolous lawsuits. While the Court agrees that this is a purpose of H.R. 4367, it is not clear from the legislative history that H.R. 4367 was to put an *immediate* end to such lawsuits—that is, there is no explicit statement that the statute should apply retroactively to affect lawsuits that are currently pending. Thus, *Landgraf* instructs this

Court that, "[w]hen the statute contains no such express command, the court must determine whether the new statute would have retroactive effect, *i.e.,* whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Landgraf*, 511 U.S. at 280. Additionally, the largest category of cases in which the presumption against statutory retroactivity has been applied includes "new provisions affecting contractual or property rights, matters in which predictability and stability are of prime importance." *Id*. at 271.

Plaintiff's only plausible argument is that the retroactive application of H.R. 4367 would impair her vested rights, since it is clear that the repeal of the notice provision did not increase a party's liability for past conduct, nor impose new duties upon either party. Plaintiff's claim is based on a statutory right to receive on-machine fee notices, which is not a contract or property right. There is also little concern about predictability or stability, since Mabury does not dispute that she received an on-screen notice of the fee-imposed, and was aware of the fee. The purpose of H.R. 4367, as described in the House Committee Report, affirms the notion that the on-machine notice is redundant:

> H.R. 4367 amends Section 904 of the Consumer Credit Protection Act — commonly known as the "Electronic Fund Transfer Act" ("EFTA") — by eliminating the requirement that fee notices be affixed to or displayed on automated teller machines (ATMs). <u>The requirement is unnecessary because ATM operators are required to disclose fees on ATM screens and consumers have the right to decline the transaction without being charged.</u> <u>H.R. 4367 will protect ATM operators from frivolous lawsuits related to this fee notice requirement.</u> (Doc. No. 72-5) (emphasis added).

There is no vested right in this case. Courts have long held that there is no vested right where a cause of action is based solely on a statute, and that statute is repealed. *See e.g., Ewell v. Daggs,* 108 U.S. 143, 150-51 (1883); *National Carloading Corp. v. Phoenix-El Paso Express,* 176 S.W.2d 564, 569 (Tex. 1944) ("the courts are generally agreed that

rights of action based upon purely statutory grounds may be abolished by the legislature even after they have accrued.."; *General Motors Acceptance Corp. v. Saliba,* 260 F. 2d 262, 263 (5th Cir. 1958) (Georgia law) ("pointing to the universality of the holding that no one has a vested right in statutory privileges and exemptions, and that until final judgment on a pending action, the repeal of the statute, which gives the right of action, or upon which the suit is predicated, destroys it"); *Mont Belvieu Square Ltd. v. City of Montelvieu,* 27 F.Supp. 2d 935, 941-42 (S.D. Tex. 1998) (Texas law) (court gave immediate effect to statute that was repealed, which had given the plaintiff an alleged statutorily vested right to have a building permit).

Even when there is a vested right, there are many federal courts that have held that rights in tort do not vest until reduced to a final judgment. See *Arbour v. Jenkins*, 903 F.2d 416 (6th Cir. 1990) (the fact that a statute is retroactive does not make it unconstitutional because a legal claim affords no definite or enforceable property right until reduced to final judgment); *Sowell v. American Cyanamid Co*., 888 F.2d 802, 805 (11th Cir. 1989) ("a legal claim affords no definite or enforceable property right until reduced to final judgment"); *In Re Consol. U.S. Atmospheric Testing Litigation*, 820 F.2d 982, 988 (9th Cir. 1987) (a party's property right in any cause of action does not vest until a final unreviewable judgment is obtained); *Hammond v. United States*, 786 F.2d 8, 11 (1st Cir. 1986) ("[b]ecause rights in tort do not vest until there is a final, unreviewable judgment, Congress abridged no vested rights of the plaintiff by enacting §2212 and retroactively abolishing her cause of action in tort"). Because Plaintiff did not have a vested right, the Court finds that the presumption against statutory retroactivity does not apply. Thus, there is no longer a statutory basis for Plaintiff's claim.

Finally, the Court addresses Plaintiff's notice of a recent order issued in the Northern District of Texas, in the case *Frey v. First National Bank Southwest*, No. 3:11-cv-3093-N. Frey filed a case under the EFTA, alleging that an ATM operated by First National did not have the required external fee notice. In the order, issued on February 20, 2013, the *Frey* Court found it appropriate to certify Plaintiff's class—although by that time, the relevant statutory provision had already been repealed. However, the *Frey* court did not specifically address H.R. 4367 or consider if it would be applicable retroactively to *Frey* and the other individuals in the class. Additionally, the *Frey* Court's ruling is not binding up on this Court.

Thus, class certification is **DENIED** and this suit is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 18th day of March, 2013.

_____
**KEITH P. ELLISON**
**UNITED STATES DISTRICT COURT JUDGE**